**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50356 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00245-LAB |
| v. | |
| MARITZA BURGUENO-GONZALEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 17, 2018**

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Maritza Burgueno-Gonzalez appeals from the district court's judgment and challenges the 84-month sentence imposed following her jury-trial conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Burgueno-Gonzalez first contends that the district court failed to consider the need to avoid unwarranted sentencing disparities when it refused to compare Burgueno-Gonzalez's sentence to the sentences previously imposed on other individuals who were involved in the overall drug trafficking organization. The district court did not err because it did consider those other individuals and found that they were not similarly situated to Burgueno-Gonzalez. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (no unwarranted sentencing disparity if defendants are not similarly situated).

Burgueno-Gonzalez also contends that the district court erroneously denied her a minor-role reduction under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Guidelines de novo, and its factual findings for clear error. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to Burgueno-Gonzalez's argument, the district court properly concluded that importers who had worked for the same drug organization in the past were not "co-participants" in Burgueno-Gonzalez's offense for purposes of assessing her relative culpability. *See* U.S.S.G. § 3B1.1 cmt. n.1 (defining "participant" under the minor role Guideline as "a person who is criminally responsible for the commission of the offense"); *United States v. Rojas-Millan*, 234 F.3d 464, 473 (9th Cir. 2000) ("the relevant comparison is between the defendant's conduct and that of the other participants in the same offense" (internal quotations and alteration

2                                                                    17-50356

omitted)).  The court also did not clearly err in assuming that Burgueno-Gonzalez, despite facing some coercion, was also paid for the importation activity.  *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).  In any event, the record reflects that the court's presumption about payment did not affect its decision to deny a minor role reduction or the sentence selected.  *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**